Lawrence E. SCHWIGER, Petitioner–Appellant,

v.

Jack PALMER; Attorney General of the State of Nevada, Respondents–Appellees.

No. 13–15564.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2014.

Filed Oct. 20, 2014.

Megan Hoffman, Assistant Federal Public Defender, Federal Public Defender's Office Las Vegas, Las Vegas, NV, for Petitioner–Appellant.

Dennis Cavanagh Wilson, Senior Deputy Attorney General, Office of the Nevada Attorney General, Las Vegas, NV, for Respondent–Appellee.

Before: O'SCANNLAIN, THOMAS, and McKEOWN, Circuit Judges.

MEMORANDUM *

Lawrence Schwiger appeals the dismissal of his 28 U.S.C. § 2254 habeas corpus petition. Dismissal of a habeas petition on timeliness grounds is reviewed de novo, *Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir.2010), as is equitable tolling where the facts are undisputed, *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir.2003). We have jurisdiction pursuant to 28 U.S.C. § 2253, and affirm.

As counsel acknowledged during argument, Schwiger's claim that the district judge should have affirmatively advised him to file a new petition is foreclosed by *Pliler v. Ford*, 542 U.S. 225, 231, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004) ("Requiring district courts to advise a *pro se* litigant in such a manner would undermine district judges' role as impartial decisionmakers.").

We expand the certificate of appealability to include the issue of whether equitable tolling is warranted on the grounds that the district court affirmatively misled Schwiger. Under the circumstances presented here, Schwiger was not misled and no "extraordinary circumstance stood in his way" to prevent timely filing. *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).[1]

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because he is represented by counsel, we decline to entertain Schwiger's *pro se* motion to take judicial notice. *See United States v. Bergman*, 813 F.2d 1027, 1030 (9th Cir.1987).